LAWYERS FOR CLEAN WATER, INC.
Daniel Cooper (Bar No. 153576)
    Email: daniel@lawyersforcleanwater.com
1004-A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155
*Attorneys for Plaintiff*
ORANGE COUNTY COASTKEEPER

LAW OFFICES OF THOMAS M. BRUEN, P.C.
Thomas M. Bruen (Bar No. 63324)
    Email: tbruen@tbsglaw.com
1990 N. California Boulevard, Suite 620
Walnut Creek, California 94596
Telephone: (925) 295-3131
Facsimile: (925) 295-3132
*Attorneys for Defendants*
REPUBLIC SERVICES, INC. and REPUBLIC WASTE SERVICES OF SOUTHERN
CALIFORNIA, LLC

*Additional Plaintiffs' Counsel Listed On Next Page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORANGE COUNTY COASTKEEPER, a California non-profit corporation, <br><br> Plaintiff, <br> vs. <br><br> REPUBLIC SERVICES, INC., a Delaware Corporation, et al.; <br><br> Defendants. | Civil Case No. SACV13-00113-BRO (MLGx); <br> Civil Case No. SACV-13-00115-BRO (JPRx) <br><br> **CONSENT DECREE** <br><br> **Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.*** |
| INLAND EMPIRE WATERKEEPER, a program of ORANGE COUNTY COASTKEEPER; ORANGE COUNTY COASTKEEPER, a California non-profit corporation, | |

1

Plaintiffs,

2
       vs.

3
REPUBLIC SERVICES, INC., a Delaware

Corporation, et al.;

4
Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INLAND EMPIRE WATERKEEPER
Colin Kelly (Bar No. 266956)
       Email:  colin@iewaterkeeper.org
6876 Indiana Avenue, Suite D
Riverside, California 92506
Telephone:  (951) 530-8823
Facsimile:  (951) 530-8824


ORANGE COUNTY COASTKEEPER
Colin Kelly (Bar No. 266956)
       Email:  colin@Waterkeeper.org
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626
Telephone:  (714) 850-1965
Facsimile:  (714) 850-1592

## CONSENT DECREE

The following Consent Decree is entered into by and between Plaintiffs Orange County Coastkeeper and Inland Empire Waterkeeper ("Plaintiffs" or "Coastkeeper"), and Defendants Republic Services, Inc., and Republic Waste Services of Southern California, LLC, collectively referred to herein as "Republic." The entities entering into this Consent Decree are each an individual "Settling Party" and collectively "Settling Parties."

**WHEREAS**, together, Orange County Coastkeeper and Inland Empire Waterkeeper have over 2,000 members who live and/or recreate in and around the Santa Ana River watershed, and are dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of the Santa Ana River and Inland Empire area receiving waters;

**WHEREAS**, Defendant Republic Waste Services of Southern California, LLC operates three waste transfer, processing, and recycling facilities located at 1071 Blue Gum Street ("CVT Recycling Facility"), 1131 Blue Gum Street ("CVT Facility"), and 1231 Blue Gum Street ("ATD Facility") in Anaheim, California and Defendant Republic Services, Inc. is the parent company of Defendant Republic Waste Services of Southern California, LLC;

**WHEREAS,** Defendant Republic Waste Services of Southern California, LLC operates the CVT Facility as the "Consolidated Volume Transport Facility, " the ADT Facility as the "Anaheim Truck Depot Facility," and the Colton Facility as the "Inland Empire Materials Recovery and Transfer Facility;"

**WHEREAS**, Defendant Republic Waste Services of Southern California, LLC operates a waste transfer, storage, and recycling facility located at 2059 East Steel Road in Colton, California ("Colton Facility") and Defendant Republic Services, Inc. is the parent company of Defendant Republic Waste Services of Southern California, LLC;

**WHEREAS**, the Settling Parties refer to the CVT Facility, the CVT Recycling Facility, the ATD Facility, and the Colton Facility collectively as the "Republic Facilities;"

---

Consent Decree           4    Civil Case No. SACV-13-00113-BRO (MLGx);
                                   Civil Case No. SACV-13-00115-BRO (JPRx)

**WHEREAS**, Coastkeeper alleges that Taormina Industries, Inc. is an owner and/or operator of the CVT Facility and the ATD Facility, and that Taormina Industries, Inc. is a subsidiary of Republic Services, Inc. and/or Republic Waste Services of Southern California, LLC, which allegations Republic denies. Republic alleges and represents that Taormina Industries, Inc. has been merged into Republic Waste Services of Southern California, LLC;

**WHEREAS,** discharges from the Republic Facilities are regulated by the National Pollutant Discharge Elimination System ("NPDES") General Permit NO. CAS000001 [State Water Resources Control Board] Water Quality Order No. 92-12-DWQ, as amended by Order No. 97-03-DWQ ("Storm Water Permit") and the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act" or "CWA"), Sections 301(a) and 402, 33 U.S. C. §§ 1311(a), 1342;

**WHEREAS**, on May 18, 2012, Coastkeeper served Defendants, the United States Environmental Protection Agency ("EPA"), EPA Region IX, the State Water Resources Control Board ("State Board") and the Regional Water Quality Control Board ("Regional Board"), with a notice of intent to file suit ("Notice Letter") under Sections 505(a) and (b) of the CWA, 33 U.S.C. §§ 1365(a) and (b). The Notice Letter alleged violations of Sections 301(a) and 402 of the Clean Water Act, 33 U.S.C. §§ 1311(a) and 1342, and violations of the Storm Water Permit at the CVT Facility and the ATD Facility;

**WHEREAS**, on November 19, 2012, Coastkeeper served Defendants, EPA, the State Board, and the Regional Board a supplemental Notice Letter alleging additional, updated violations of Sections 301(a) and 402 of the Clean Water Act, 33 U.S.C. §§ 1311(a) and 1342, and violations of the Storm Water Permit ("Supplemental Notice Letter") at the CVT Facility, the CVT Recycling Facility, and the ATD Facility;

**WHEREAS**, on November 19, 2012, Waterkeeper served Defendants, EPA, EPA Region IX, the State Board, and the Regional Board, with a notice of intent to file suit ("Notice Letter") under Sections 505(a) and (b) of the CWA, 33 U.S.C. §§ 1365(a) and (b). The Notice Letter alleged violations of Sections 301(a) and 402 of the Clean Water

Act, 33 U.S.C. §§ 1311(a) and 1342, and violations of the Storm Water Permit at the Colton Facility;

**WHEREAS**, on January 24, 2013, Coastkeeper filed a complaint against Defendants in the United States District Court, Central District of California (Case No. SACV13-00113-JST (MLGx));

**WHEREAS**, on January 24, 2013, Waterkeeper filed a complaint against Defendants in the United States District Court, Central District of California (Case No. SACV13-00115-CJC (JPRx)) (hereinafter "Complaint"), and defendants Republic Services, Inc. and Republic Services of Southern California, LLC answered and denied all material allegations of the Complaint;

**WHEREAS**, on January 31, 2013, Coastkeeper filed a first amended complaint against Defendants in the United States District Court, Central District of California (Case No. SACV13-00113-JST (MLGx)) (hereinafter "First Amended Complaint"), and defendants Republic Services, Inc. and Republic Services of Southern California, LLC answered and denied all material allegations of the First Amended Complaint;

**WHEREAS**, Coastkeeper alleges Defendants to be in violation of the substantive and procedural requirements of the Storm Water Permit and the Clean Water Act;

**WHEREAS**, Defendants deny all allegations in the Notice Letter, Supplemental Notice Letter, and First Amended Complaint relating to the CVT Facility, CVT Recycling Facility, and the ATD Facility;

**WHEREAS**, Defendants deny all allegations in the Notice Letter and Complaint relating to the Colton Facility;

**WHEREAS**, by Order of the Chief Judge (Dkt. No. 22), Case No. SACV13-00113-JST (MLGx) was transferred from Judge Josephine Staton Tucker to Judge Beverly Reid O'Connell (Case No. SACV13-00113-BRO (MLGx));

**WHEREAS**, by Order of the Chief Judge (Dkt. No. 13), Case No. SACV13-00115-CJC (JPRx) was transferred from Judge Cormac J. Carney to Judge Beverly Reid O'Connell (Case No. SACV13-00115-BRO (JPRx)

1   **WHEREAS**, by Order of the Court (Dkt. No. 22), Case No. SACV13-00113-BRO
2   (MLGx) was consolidated with *Orange County Coastkeeper v. Republic Services, Inc. et*
3   *al.*, SACV-00115-BRO (JPRx);

4   **WHEREAS**, by Order of the Court (Dkt. No. 24), Case No. SACV13-00115-BRO
5   (JPRx) was consolidated with *Orange County Coastkeeper v. Republic Services, Inc. et*
6   *al.*, SACV-00113-BRO (MLGx);

7   **WHEREAS**, the Settling Parties submit concurrently herewith this Consent
8   Decree setting forth terms and conditions appropriate to resolving the allegations set
9   forth in the related case *Orange County Coastkeeper v. Republic Services, Inc. et al.*,
10  SACV-00115-BRO (JPRx);

11  **WHEREAS**, Coastkeeper and Republic have agreed that it is in the Settling
12  Parties' mutual interest to enter into a Consent Decree setting forth terms and conditions
13  appropriate to resolving the allegations set forth in the Complaint and First Amended
14  Complaint without further proceedings;

15  **WHEREAS**, all actions taken by Republic pursuant to this Consent Decree shall
16  be made in compliance with all applicable Federal and State laws and local rules and
17  regulations;

18  **WHEREAS,** with respect to all roofing structure Best Management Practices
19  ("BMPs") described in the SWPPPs attached to this Consent Decree as Exhibits A
20  through D, inclusive, Republic shall diligently file and pursue all required local agency
21  applications for permits for these roofing structures, and shall diligently pursue the
22  procurement of contractors, labor and materials to complete all such roofing structures as
23  soon as possible, but Republic's expectation is that the roofing structures will not be
24  completed until approximately February 1, 2014, and this schedule is acceptable to
25  Plaintiffs;

26  **WHEREAS**, as to the "Storm Chamber ®" structures at the CVT Facility
27  described in Exhibit A, Figure 3A, area 3 (outlined in light blue), a portion of the area
28  where this BMP is to be installed is currently owned by the City of Anaheim.  The City

has offered to sell this property to Republic Waste Services of Southern California, LLC so that Republic may install the Storm Chamber® as shown on Figure 3A, and Republic Waste Services will purchase said property in order to obtain City consent for installation of the Storm Chambers® in this area, but it is unknown whether the transfer of this property will occur in time for Republic to meet the December 31, 2013, deadline for this BMP, and this potential delay is acknowledged by Plaintiffs, provided, however, that Republic shall take the interim measures to eliminate storm water discharges from this area as described in the SWPPP for the CVT Facility should Republic be unable to install the StormChambers® by December 31, 2013.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.      The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the Clean Water Act, 33 U.S.C. § 1365(a)(1)(A);

2.      Venue is appropriate in the Central District pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. § 1365(c)(1), because the Republic Facilities are located within this District;

3.      The Complaint and First Amended Complaint state claims upon which relief may be granted pursuant to Section 505 of the Clean Water Act, 33 U.S.C. § 1365;

4.      Plaintiffs have standing to bring this action;

5.      The Court shall retain jurisdiction over this matter for purposes of enforcing the terms of this Consent Decree for the life of the Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

## I.    AGENCY REVIEW AND TERM OF CONSENT DECREE

6.      Plaintiffs shall submit this Consent Decree to the United States Department of Justice and the EPA (collectively "Federal Agencies") immediately upon the final signature of the Settling Parties for agency review consistent with 40 C.F.R. § 135.5. In

the event that the Federal Agencies object to entry of this Consent Decree, the Settling Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount of time. Upon approval of the Consent Decree by the Court, Plaintiffs will dismiss Defendant Taormina Industries, Inc. and all other Defendants, other than Republic Services, Inc. and Republic Waste Services of Southern California, LLC, with prejudice.

7. This Consent Decree shall terminate as to the CVT Facility, CVT Recycling Facility, and ATD Facility on August 1, 2015, unless there is an ongoing, unresolved dispute regarding Defendants' compliance with this Consent Decree. This Consent Decree shall terminate as to the Colton Facility on August 1, 2016.

## II. COMMITMENTS OF THE SETTLING PARTIES

### A. Storm Water Permit Coverage

8. Immediately upon entry of this Consent Decree by the Court, pursuant to and in compliance with the requirements of Provision E and Attachment 3 of the Storm Water Permit, Defendants shall submit a Notice of Intent to Comply with the Storm Water Permit ("NOI") at the CVT Recycling Facility to the State Board. The NOI shall be submitted on the form provided with Attachment 3 of the Storm Water Permit, and shall include all required elements identified on the form.

### B. Storm Water Pollution Reduction Measures

9. In addition to maintaining the current BMPs at the Facilities not otherwise impacted by this Consent Decree, Defendants shall implement the BMPs necessary to comply with the provisions of this Consent Decree as follows:

    a. At the CVT Facility Defendants shall implement the BMPs (except for roofing structures which shall be implemented by February 1, 2014) set forth in **Exhibit A** attached hereto by December 31, 2013;

    b. At the CVT Recycling Facility Defendants shall implement the BMPs (except for any roofing structures, which shall be implemented by February 1, 2014) set forth in **Exhibit B** attached hereto by December 31, 2013;

c.   At the ATD Facility Defendants shall implement the BMPs (except for roofing structures which shall be implemented by February 1, 2014) set forth in **Exhibit C** attached hereto by December 31, 2013;

d.   At the Colton Facility Defendants shall implement the BMPs (except for roofing structures which shall be implemented by February 1, 2014) set forth in **Exhibit D** attached hereto by December 31, 2013;

e.   And further provided, moreover, that with respect to the deadlines in items (a) through (d), inclusive, Defendants shall diligently file and pursue all required local agency applications for permits for the BMPs, and shall diligently pursue the procurement of contractors, labor and materials to complete all such BMPs by the December 31, 2013, deadlines, and shall use their best efforts to meet these deadlines, but shall be excused from meeting these deadlines for a specific BMP if circumstances beyond the reasonable control of Defendants (such as a delay in obtaining any required governmental permits or approvals) prevent the attainment of the deadline for a specific BMP, but such deadline will only be excused so long as Defendants continue to exercise due diligence and best efforts in pursuing the permitting and implementation of the BMP in question, and furthermore any excused delay shall not excuse Defendants from implementing their other, unexcused obligations under this Consent Decree.

**C.   Storm Water and Rain Sampling**

10.   <u>Sampling Frequency and Methodology</u>. During the life of this Consent Decree, Defendants shall collect storm water samples of any discharge from the Republic Facilities, including specifically any storm water discharge from the infiltration basins to be implemented at the Republic Facilities, but excluding the parking lot in front of the CVT Facility offices on Blue Gum Street as this parking lot is not associated with any industrial activities, consistent with the SWPPPs attached hereto as Exhibits A-D.

11.   Defendants shall request that sample-analysis results be reported to them within ten (10) days of laboratory receipt of the sample.

12.   Defendants shall provide the complete lab results of all samples collected at

1   the Facilities to Coastkeeper within ten (10) days of receiving the results.

2       13.     Republic shall install a recording rain gauge capable of continuously

3   recording rainfall at the site to 0.01 inches at the Colton Facility on or before December

4   31, 2013, Republic shall maintain the recording rain gauge in accordance with

5   manufacturers' recommendations, maintain records of all maintenance; maintain records

6   of rain data, and provide such records upon request by Coastkeeper.

7       14.     Where Republic observes and/or samples a discharge from Stormchambers

8   and/or infiltration areas at the Colton Facility, Republic shall provide rain data to

9   Coastkeeper within 21 days of the rain event producing the discharge.

10     **D.**    **Action Plan**

11       15.     If Republic or Coastkeeper's sampling, visual observations, and/or

12   photographs evidence a discharge from the Colton Facility inconsistent with the design

13   standard set forth in Exhibits A-D, Republic shall, within 60 days of that discharge,

14   submit to Coastkeeper a plan to modify BMPs to comply with that design standard,

15   including consideration of:

16             a.     increased size infiltration basins; and/or

17             b.     increased detention;

18             c.     improved pretreatment.

19       16.     The Action Plan shall include data, drawing, and other design rationale

20   demonstrating that the proposal will achieve compliance with SWPPP requirements.

21       17.     Coastkeeper shall have sixty (60) days to comment on the Action Plan.

22       18.     If the Settling Parties are unable to agree as to the adequacy of the Action

23   Plan, either Settling Party may invoke dispute resolution pursuant to Section III below.

24     **E.**    **Visual Observations**

25       19.     During the life of this Consent Decree, during normal scheduled facility

26   operating hours Defendants shall conduct visual observations at all industrial discharge

27   areas during every rain event that produces a discharge.

28       20.     Defendants shall pay particular attention to potential discharge locations

1  identified as the infiltration basins described in the SWPPPs attached hereto as Exhibits
2  A-D.

3  **F.    Employee Training**

4         21.    Within thirty (30) days of entry of this Consent Decree by the Court,
5  Defendants shall develop and implement a training program, including any training
6  materials needed for effective implementation of the training program, to ensure (1) that
7  there are a sufficient number of employees delegated to achieve compliance with the
8  Storm Water Permit and this Consent Decree, and (2) that these employees are properly
9  trained to perform the required activities to achieve compliance with the Storm Water
10 Permit and this Consent Decree ("Training Program"). At a minimum the Training
11 Program shall require at least the following:

12         a.    <u>Language</u>. Defendants shall conduct the Training Program in the primary
13 language of the employees participating in the Training Program, if an employee is
14 unable to reasonably understand English;

15         b.    <u>Non-Stormwater Discharges</u>. Defendants shall train all employees on the
16 Storm Water Permit's prohibition of non-storm water discharges, so that employees know
17 what non-storm water discharges are, that non-storm water discharges can result from
18 improper surface washing or dust control methods, and how to detect and prevent non-
19 storm water discharges;

20         c.    <u>BMPs</u>. Defendants shall train all employees on BMP implementation and
21 maintenance to ensure that BMPs are implemented effectively to prevent the exposure of
22 pollutants to storm water, to prevent the discharge of contaminated storm water, and to
23 ensure the proper treatment of storm water at the Facilities;

24         d.    <u>Storm Water Sampling</u>. Defendants shall designate an adequate number of
25 employees necessary to collect storm water samples from each discharge location as
26 required by this Consent Decree. The training shall include the proper sampling
27 protocols, including chain of custody requirements, to ensure storm water samples are
28 properly collected, stored, and submitted to a certified laboratory.

22.     Training shall be provided by a private consultant or a representative of Defendants who is familiar with the requirements of this Consent Decree and the Storm Water Permit. The training shall be repeated annually, or as necessary to ensure that all such employees are familiar with the requirements of this Consent Decree, the Storm Water Permit, and the Facilities' SWPPPs. All new staff will receive this training before assuming responsibilities for implementing the SWPPPs.

23.     Defendants shall maintain training records to document compliance with this section, and shall provide Coastkeeper with a copy of these records within fourteen (14) days of receipt of a written request.

**G.     Storm Water Pollution Prevention Plans**

24.     <u>Additional Revisions to SWPPPs</u>. Defendants shall revise the SWPPPs attached hereto as Exhibits A-D if there are any changes in the Facilities' operations, including but not limited to changes to storm water discharge point(s) or changes or additions to the BMPs at the Facilities. Defendants shall submit any revised SWPPP to Coastkeeper for review and comment within ten (10) days of completion. Coastkeeper shall provide comments, if any, to the Defendants within thirty (30) days of receipt of any revised SWPPP. Defendants shall incorporate Plaintiffs' comments into any revised SWPPP, or shall justify in writing why any comment is not incorporated within thirty (30) days of receiving comments. Any disputes as to the adequacy of the SWPPP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section III below.

**H.     Compliance Monitoring and Reporting**

25.     <u>Site Inspections</u>. Coastkeeper and its representatives may conduct one (1) Wet Season site inspection and one (1) dry season site inspection per year at each of the Republic Facilities during the life of this Consent Decree. The site inspections shall occur during normal business hours and Coastkeeper shall provide Defendants with twenty-four (24) hours notice (weekends and holidays excluded) prior to each Wet Season site inspection and forty-eight (48) hours notice (weekends and holidays excluded) prior to

1  each dry season site inspection.

2      26.    During the site inspections, Coastkeeper and/or its representatives shall be

3  allowed access to the Republic Facilities' SWPPPs, and other monitoring records,

4  reports, and sampling data for the Republic Facilities. During the site inspections,

5  Coastkeeper and/or its representatives may collect samples of discharges from the

6  Republic Facilities. At Coastkeeper's expense, a certified California laboratory shall

7  analyze samples collected by Coastkeeper and copies of the lab reports shall be provided

8  to Defendants within five (5) business days of receipt. At the request of Defendants, the

9  samples shall be split and one half provided to Defendants so as to allow Defendants to

10  have their own certified California laboratory analyze the samples, in which case

11  Defendants shall provide the laboratory results to Coastkeeper within five (5) business

12  days of receipt.

13      27.    <u>Compliance Monitoring and Oversight</u>. Defendants shall pay a total of

14  Fifteen Thousand Dollars ($15,000.00) to Coastkeeper for fees and costs incurred by

15  Coastkeeper in monitoring Defendants' compliance with this Consent Decree. Payment

16  shall be made within thirty (30) days of entry of this Consent Decree by the Court

17  payable to: "Orange County Coastkeeper" and delivered by certified mail or overnight

18  delivery to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa,

19  CA 92626. Upon request, Plaintiffs shall provide Defendants with documentation of the

20  fees and costs incurred in connection with compliance monitoring and oversight

21  activities. Any unexpended compliance monitoring funds remaining at the final

22  termination of this Consent Decree shall be refunded to Defendants within ten (10)

23  business days after the date of final termination.

24      28.    <u>Reporting and Document Provision</u>. During the life of this Consent Decree,

25  Defendants shall copy Coastkeeper on all documents related to water quality at each of

26  the Republic Facilities that are submitted to the Regional Board, the State Board, and/or

27  any State or local agency, county, or municipality. Such reports and documents shall be

28  provided to Coastkeeper on the date they are sent to the agencies, counties, and/or

municipalities. Any correspondence related to Defendants' compliance with the Storm Water Permit or storm water quality received by Defendants from any regulatory agency, State or local agency, county or municipality shall be provided to Coastkeeper within ten (10) days of receipt by Defendants.

## I.   Environmental Project, Reimbursement of Litigation Fees, Payments

29.   <u>Environmental Mitigation Project</u>. To remediate the alleged environmental harms resulting from the non-compliance with the Storm Water Permit as alleged in the Complaint and First Amended Complaint, Defendants agree make a payment of One Hundred Sixty Seven Thousand Dollars ($167,000.00) to the O.C./I.E. Public Interest Green Fund to fund environmental project activities that will benefit the Santa Ana River and its watershed. Payment shall be made within thirty (30) days of entry of this Consent Decree by the Court payable to the "O.C./I.E. Public Interest Green Fund" and delivered by certified mail or overnight delivery to: Orange County Community Foundation, 4041 MacArthur Boulevard, Suite 510, Newport Beach, California 92660.

30.   <u>Coastkeeper's Fees</u>. Defendants shall pay a total of One Hundred Ninety Three Thousand Dollars ($193,000.00) to Coastkeeper to partially reimburse Coastkeeper for its investigation fees, expert/consultant fees and costs, and reasonable attorneys' fees incurred as a result of investigating and preparing the lawsuit, and negotiating this Consent Decree.  Coastkeeper shall be responsible for any remaining fees and costs in excess of this amount; provided, however, that Coastkeeper may apply to the Court for an award for additional fees and costs incurred by Coastkeeper in any proceedings to enforce this Consent Decree. Payment shall be made within thirty (30) days of entry of this Consent Decree by the Court payable to: "Orange County Coastkeeper" and delivered by certified mail or overnight delivery to: Orange County Coastkeeper, 3151 Airway Avenue, Suite F-110, Costa Mesa, CA 92626.

## III.   <u>DISPUTE RESOLUTION</u>

31.   This Court shall retain jurisdiction over this matter until the final termination

date defined in paragraph seven (7) above for the purposes of implementing and enforcing the terms and conditions of this Consent Decree, and adjudicating all disputes among the Settling Parties that may arise under the provisions of this Consent Decree. The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

32.  Meet and Confer. A party to this Consent Decree shall invoke the dispute resolution procedures of this Section by notifying all other Settling Parties in writing of the matter(s) in dispute. The Settling Parties shall then meet and confer in good faith (either telephonically or in person) in an attempt to resolve the dispute informally over a period of ten (10) days from the date of the notice. The Settling Parties may elect to extend this time in an effort to resolve the dispute without court intervention.

33.  If the Settling Parties cannot resolve a dispute by the end of meet and confer informal negotiations, the party initiating the dispute resolution provision may invoke formal dispute resolution by filing a motion before the United States District Court for the Central District of California. The Settling Parties agree to request an expedited hearing schedule on the motion.

34.  Enforcement Fees and Costs. Litigation costs and fees incurred in conducting meet and confer or otherwise addressing and/or resolving any dispute, including an alleged breach of this Consent Decree, shall be awarded in accord with the standard established by Section 505 of the Clean Water Act, 33 U.S.C. §§ 1365 and 1319, and case law interpreting that standard.

## IV.  MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

35.  Coastkeeper's Release. Upon entry of this Consent Decree by the Court, Coastkeeper, on its own behalf and on behalf of its current and former officers, directors, employees, and each of their successors and assigns, and its agents, attorneys, and other representatives releases all persons including, without limitation, Defendants (and each of their direct and indirect parent and subsidiary companies and affiliates, and their respective current and former officers, directors, members, employees, shareholders and

each of their predecessors, successors and assigns, and each of their agents, attorneys, consultants, and other representatives) from, and waives all claims which arise from or pertain to this action, including all claims for injunctive relief, penalties, fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed, and/or claims asserted in Coastkeeper's Notice Letters, Supplemental Notice Letter, Complaint, and First Amended Complaint up to entry of this Consent Decree by the Court.

36.   <u>Defendants' Release</u>. Upon entry of this Consent Decree by the Court, Defendants, on its own behalf and on behalf of its current and former officers, directors, employees, members, and each of their successors and assigns, and their agents, attorneys, and other representatives releases Coastkeeper (and its current and former officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns, and its agents, attorneys, and other representatives) from, and waives all claims which arise from or pertain to this action, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed for matters related to Coastkeeper's Notice Letters, Supplemental Notice Letter, Complaint, and First Amended Complaint up to entry of this Consent Decree by the Court.

37.   Nothing in this Consent Decree limits or otherwise affects Coastkeeper's right to address or take any position that it deems necessary or appropriate in any formal or informal proceeding before the State Board, Regional Board, EPA, or any other judicial or administrative body on any other matter relating to Defendants' compliance with the Storm Water Permit or the Clean Water Act occurring or arising after entry of this Consent Decree by the Court but specifically excluding the discharges and all other matters addressed by this Consent Decree.

## V.   <u>MISCELLANEOUS PROVISIONS</u>

38.   <u>No Admission of Liability</u>. Neither this Consent Decree, the implementation of additional BMPs nor any payment pursuant to the Consent Decree shall constitute or

be construed as a finding, adjudication, admission or acknowledgment of any fact, law, or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation. Defendants maintain and reserve all defenses they may have to any alleged violations that may be raised in the future.

39. <u>Force Majeure</u>. Force Majeure includes any act of God, war, fire, earthquake, windstorm, flood or natural catastrophe; civil disturbance, vandalism, sabotage or terrorism; restraint by court order or public authority or agency; or action or non-action by, or inability to obtain the necessary authorizations or approvals from any governmental agency. Force Majeure shall not include normal inclement weather, economic hardship, or inability to pay. Any party seeking to rely upon this paragraph to excuse or postpone performance, shall have the burden of establishing that it could not reasonably have been expected to avoid the Force Majeure event and which by exercise of due diligence has been unable to overcome the failure of performance. The Settling Parties shall exercise due diligence to resolve and remove any Force Majeure event. Delay in compliance with a specific obligation under this Consent Decree due to Force Majeure as defined in this paragraph shall not excuse or delay compliance with any or all other obligations required under this Consent Decree.

40. <u>Construction</u>. The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined in the Storm Water Permit, the Clean Water Act, or specifically herein.

41. <u>Choice of Law</u>. The laws of the United States shall govern this Consent Decree.

42. <u>Severability</u>. In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

43. <u>Correspondence</u>. All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by overnight mail or courier as follows:

   If to Plaintiff:

Daniel Cooper
     daniel@lawyersforcleanwater.com
Caroline Koch
     caroline@lawyersforcleanwater.com
Lawyers for Clean Water, Inc.
1004-A O'Reilly Avenue
San Francisco, California 94129

With copies to:

Orange County Coastkeeper
Garry Brown, Executive Director
     garry@coastkeeper.org
3151 Airway Avenue, Suite F-110
Costa Mesa, California 92626

If to Defendants:

Thomas M. Bruen (Bar No. 63324)
     tbruen@tbsglaw.com
1990 N. California Boulevard, Suite 620
Walnut Creek, California 94596

With copies to:

Robin Murbach
     rmurbach@republicservices.com
General Manager
CVT Recycling Facility
1071 Blue Gum Street
Anaheim, California 92806
Robin Murbach
     rmurbach@republicservices.com
General manager
Consolidated Volume Transport
1131 Blue Gum Street
Anaheim, California 92806

Dan Capener
     dcapener@republicservices.com
General manager
Anaheim Truck Depot
1231 Blue Gum Street

Anaheim, California 92806

Andre Griggs
 agriggs@republicservices.com
General Manager
Inland Regional Material Recovery Facility and Transfer Station
2059 East Steel Road
Colton, California 92324

Tim Benter
 tbenter@republicservices.com
Deputy General Counsel
Republic Services, Inc.
18500 North Allied Way
Phoenix, Arizona 85054

Notifications of communications shall be deemed submitted the next business day after having been deposited with an overnight mail/delivery service or the day of sending notification or communication by email. Any change of address or addresses shall be communicated in the manner described above for giving notices. In addition, the Settling Parties may agree to transmit documents electronically or by facsimile.

44.    Effect of Consent Decree. Except as provided herein, Plaintiffs do not, by their consent to this Consent Decree, warrant or aver in any manner that Defendants' compliance with this Consent Decree will constitute or result in compliance with any Federal or State law or regulation. Nothing in this Consent Decree shall be construed to affect or limit in any way the obligation of Defendants to comply with all Federal, State, and local laws and regulations governing any activity required by this Consent Decree.

45.    Counterparts. This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document. Telecopy, email of a .pdf signature, and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

46.    Modification of the Consent Decree. This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a

written instrument, signed by the Settling Parties.

47.    <u>Full Settlement</u>. This Consent Decree constitutes a full and final settlement of this matter.

48.    <u>Integration Clause</u>. This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the Settling Parties and expressly supersedes any and all prior oral or written agreements, covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

49.    <u>Authority</u>. The undersigned representatives for Plaintiffs and Defendants each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

50.    The provisions of this Consent Decree apply to and bind the Settling Parties, including any successors or assigns. The Settling Parties certify that their undersigned representatives are fully authorized to enter into this Consent Decree, to execute it on behalf of the Settling Parties, and to legally bind the Settling Parties to its terms.

51.    The Settling Parties agree to be bound by this Consent Decree and not to contest its validity in any subsequent proceeding to implement or enforce its terms. By entering into this Consent Decree, Defendants do not admit liability for any purpose as to any allegation or matter arising out of the Notice Letters, the Supplemental Notice Letter, the Complaint, or the First Amended Complaint.

**IN WITNESS WHEREOF**, the undersigned have executed this Consent Decree as of the date first set forth below.

APPROVED AS TO CONTENT

Dated:        October 2, 2013                    By: _Garry Brown_____

                                                Garry Brown
                                                Orange County Coastkeeper

Dated: _____, 2013          By: _____
                                        [Defendant Republic Services, Inc.]


Dated: _____, 2013          By: _____
                                        [Defendant Republic Waste Services of
                                        Southern California, LLC]

APPROVED AS TO FORM

                                        LAWYERS FOR CLEAN WATER, INC.


Dated:        October 2, 2013          By: _____
                                        Daniel Cooper
                                        Attorney for Plaintiff

                                        LAW OFFICE OF THOMAS M. BRUEN
                                        A Professional Corporation

Dated: _____, 2013          By: _____
                                        Thomas M. Bruen
                                        Attorney for Defendants

**IT IS SO ORDERED.**


Dated:  November 20, 2013

                               By:    _____
                                        HON. BEVERLY REID O'CONNELL
                                        United States District Court Judge

---